758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EUGENE SPARKS, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1116
 United States Court of Appeals, Sixth Circuit.
 2/6/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and MILBURN, Circuit Judges; PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiff Sparks developed back pain in February, 1979; the condition was ultimately diagnosed as plasma cell myeloma, a cancer of the bone marrow. As a result of the cancer, Sparks underwent a posterior spinal fusion operation in April, 1979, in which the lower portion of his spine was fused and metal rods were inserted on either side to stabilize the spine. While Sparks was hospitalized for this operation, he also suffered from and was treated for decompensated bladder, a condition marked by the feeling of an urgent need for frequent urination.
 
 
 2
 Plaintiff has not worked since 1979; he testified to continuing pain, insomnia, weakness in the lower extremities, and the inability to sit or stand for longer than 20 minutes without pain. He has an eighth grade education and is presently 43 years of age. He previously worked in generally unskilled occupations.
 
 
 3
 Plaintiff undeniably met his burden in proving that he could not perform his past work. The issue on appeal is whether the Secretary effectively met her burden in showing that plaintiff had the residual functional capacity for sedentary work. The District Court upheld the Secretary's denial of benefits.
 
 
 4
 The ALJ determined that plaintiff could perform sedentary work based on (1) plaintiff's hospital and out-patient records, (2) testimony of a vocational expert, and (3) the ALJ's evaluation of Sparks' physical demeanor and credibility.
 
 
 5
 Plaintiff has suffered from an undeniably serious condition. Nevertheless, plaintiff's medical reports show that the myeloma was localized and non-progressive. The operation was performed nearly five years ago, and medical examinations have shown no recurrence of the plasma cell myeloma. The significant aspect of Mr. Sparks' condition for purposes of this appeal is the extent to which that condition has limited his residual functional capacity for performing certain types of sedentary work. The ALJ found from medical reports and the claimant's testimony that Mr. Sparks had the residual functional capacity for sedentary work involving only occasional lifting of small objects, intermittent standing or walking, and sitting for six or eight hours or more. Based on the testimony of a vocational expert, the ALJ determined that appropriate sedentary jobs would include bench assemblers, inspectors, or security guards, and that these jobs existed in significant numbers in the economy.
 
 
 6
 Based on the record in this case, specifically the medical reports showing no evidence of continuing plasma cell myeloma, we find that there was substantial evidence for the Secretary's denial of benefits. See Black v. Califano, 593 F.2d 760 (6th Cir. 1976). Because we find the Secretary's decision to be supported by substantial evidence, we affirm the judgment of the District Court.